UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERIC CARRIER and JULIE CARRIER,

    Plaintiffs,

v.                                                        Case No. 14-10167

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, et al.,

    Defendants.
                                             /

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS WITH PREJUDICE**

Following the foreclosure of their property, Plaintiffs Eric and Julie Carrier filed a complaint in Wayne County Circuit Court alleging that their rights under Michigan law were violated during the foreclosure process, and that Defendants Federal National Mortgage Association and Ocwen Loan Servicing, LLC recklessly caused Plaintiffs severe emotional distress. Defendants removed this case to federal court on the basis of diversity jurisdiction and filed a motion to dismiss all counts. For the following reasons, the court will grant Defendants' motion and dismiss Plaintiffs' complaint with prejudice.

**I. BACKGROUND**

On September 15, 2005, Plaintiff Eric Carrier executed a promissory note for $180,000 in favor of Quicken Loans, Inc. (Pg. ID # 63–65.) The note was secured by a mortgage in real property located at 38291 Summers, Livonia, Michigan 48154. (Pg. ID # 67–82.) Although the note was only executed in Plaintiff Eric Carrier's name, the

mortgage was executed by both Plaintiffs as husband and wife. (Pg. ID # 67, 80.) The mortgage was assigned to OneWest Bank, FSB on November 23, 2009. (Pg. ID # 84.) Defendant Ocwen acted as the mortgage loan servicer for OneWest Bank. After encountering financial difficulties, Plaintiffs defaulted on the promissory note and the property was sold at a Sheriff's Sale to OneWest Bank on May 30, 2013 for $207,548.51. (Pg. ID # 86.) OneWest Bank deeded the property via quit claim to Fannie Mae, also known as Federal National Mortgage Association, on June 6, 2013. (Pg. ID # 101.) Plaintiffs had until November 30, 2013, to exercise their statutory right of redemption, but they did not do so. (Pg. ID # 99.)

## II. STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's allegations. The court views the complaint in the light most favorable to the plaintiff and takes all well-pleaded factual allegations as true. *Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "In determining whether to grant a [motion to dismiss], the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (quotation marks, citation, and emphasis omitted). "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (6th Cir. 1993). Lastly, "[a] federal court sitting in diversity must apply the law of the highest state court if the court has ruled on the matter in

dispute; otherwise, the court may rely on case law from lower state courts." *Poplar Creek Dev. Co. v. Chesapeake Appalachia, L.L.C.*, 636 F.3d 235, 240 (6th Cir. 2011).

## III.  DISCUSSION

### A.  Standing

Plaintiffs assert that they never received notice of their right to request mediation pursuant to Mich. Comp. Laws § 600.3205a(1).  This section requires a foreclosing party, before commencing foreclosure proceedings, to serve written notice on a borrower stating the reasons that the mortgage is in default, and the name, address, and telephone number of an agent designated by the mortgage holder or servicer who the mortgagor may contact to negotiate with.  *Id.*  Although Plaintiffs have filed affidavits in their response to Defendants' motion to dismiss claiming that they did not receive notice of their rights, (Pg. ID # 162–65) they have not disputed that notice was served, which appears to be all the statute requires.  Mich. Comp. Laws § 600.3205a(1). Further, Plaintiffs' affidavits are contradicted by an affidavit supplied by Defendants, which states that notice of Plaintiffs' rights was served to Plaintiffs on March 12, 2013. (Pg. ID # 98.)  Whether this notice was actually served may be a matter of dispute between the parties, but it is ultimately irrelevant to the resolution of this action.

Even if Plaintiffs are able to demonstrate that they did not receive the notice required by § 600.3205a, they lack standing to assert any interest in the property. Under Michigan law, foreclosures by advertisement are governed by statute.  Mich. Comp. Laws § 600.3201.  A mortgagor can redeem, and thereby void a purchaser's deed obtained through a foreclosure sale, by paying the full value of the property, interest, and fees within six months following the foreclosure sale.  *Id.* at

3

§ 600.3240(1)–(2); (8). "Once this statutory redemption period lapses, however, the mortgagor's right, title, and interest in and to the property are extinguished." *Conlin v. Mortg. Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013). "The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside." *Sweet Air Inv., Inc. v. Kenney*, 739 N.W.2d 656, 659 (Mich. Ct. App. 2007) (citation and quotation marks omitted).

Although Plaintiffs argue that a violation of § 600.3205a should be sufficient to set aside the foreclosure sale, the only case they cite in support of this assertion holds to the contrary. In *Young v. BAC Home Loans Servicing, LP*, No. 11-CV-12613, 2012 WL 72299 (E.D. Mich. Jan. 10, 2012), the plaintiff also challenged his mortgage foreclosure, arguing that the defendants failed to provide proper notice of the mortgagor's rights under § 600.3205a. *Id.* at *3. But the *Young* court correctly noted that even assuming a violation of § 600.3205a, once the statutory redemption period had expired, the former owner lacks standing to assert claims with respect to the property. *Id.* Michigan law requires plaintiffs to raise their arguments when foreclosure proceedings begin, before the expiration of the redemption period. *See Overton v. Mortg. Elec. Registration Sys.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). In the instant case, Plaintiffs do not dispute that the redemption period expired on November 30, 2013. On this date, Plaintiffs' right, title, and interest in their property was extinguished. Accordingly, Plaintiffs lack standing to bring their claims, and the court dismisses Counts I and III of Plaintiffs' complaint.

**B. Intentional Infliction of Emotional Distress**

Plaintiffs also allege that "Defendants' reckless, extreme and outrageous conduct caused Plaintiffs severe emotional distress," and seek damages for "sleeplessness, anxiety, depression, humiliation, which resulted in marital disharmony." (Pg. ID # 17.)

"[D]amages for mental distress cannot be recovered in an action for breach of contract." *Kewin v. Mass. Mut. Life Ins. Co.*, 295 N.W.2d 50, 53 (Mich. 1980). Plaintiffs must allege tortious conduct independent of the alleged breach in order to recover for emotional distress. *Butt v. Detroit Auto. Inter-Insurance Exch.*, 341 N.W.2d 474, 477 (Mich. Ct. App. 1983). This rule applies with equal force to mortgage foreclosures. *See Ursery v. Option One Mortg. Corp.*, No. 271560, 2007 WL 2192657, at *17 (Mich. Ct. App. July 31, 2007); *Chungag v. Wells Fargo Bank, N.A.*, No. 10-14648, 2011 WL 672229, *6 (E.D. Mich. Feb. 17, 2011); *Sparks v. Fed. Nat. Mortg. Ass'n*, No. 10-13241, 2011 WL 1118719, at *5 (E.D. Mich. March 24, 2011); *Robbins v. Mortg. Elec. Registration Sys., Inc.*, No. 1:09-CV-295, 2009 WL 3757443, at *8 (W.D. Mich. Nov. 9, 2009).

Plaintiffs do not allege independent tortious conduct by Defendants aside from the foreclosure of the property and Defendants' alleged failure to comply with § 600.3205a. Additionally, in their response to Defendants' motion to dismiss, Plaintiffs make no effort to oppose dismissal of their intentional infliction of emotional distress claim. The court concludes that Plaintiffs' emotional distress claim (Count II) is barred under Michigan law.

## IV. CONCLUSION

IT IS ORDERED that Defendants' Motion to Dismiss [Dkt. # 2] is GRANTED. This case is DISMISSED WITH PREJUDICE.

        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: March 17, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2014, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522